Gregory C. Dyekman -  Wyo. Bar No. 5-1858
Randall B. Reed – Wyo. Bar No. 5-2863
LONG REIMER WINEGAR LLP
2120 Carey Avenue, Suite 300 (82001)
P.O. Box 87
Cheyenne WY 82003-0087
(307) 635-0710 – Telephone
(307) 635-0413 – Facsimile
gdyekman@lrw-law.com
rreed@lrw-law.com

ATTORNEYS FOR WYSOC INVESTMENTS, LLC

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

In re:

| | |
|---|---|
| US REALM POWDER RIVER, LLC F/K/A MORIAH POWDER RIVER, LLC, | Case No. 19-20699<br>Chapter 11 |
| Debtor. | |

### OBJECTION OF WYSOC INVESTMENTS, LLC TO DEBTOR'S MOTION FOR INTERIM AND FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL
[RELATES TO DOCKET NO. 34]

**COMES NOW**, Wysoc Investments, LLC ("Wysoc"), by and through its undersigned counsel, submits this objection (the "Objection") to the Motion for Interim and Final Orders Authorizing Use of Cash Collateral (the "Cash Collateral Motion") filed

by the above-captioned debtor and debtor-in-possession (the "Debtor") in this chapter 11 case.  In support of this Objection, Wysoc respectfully shows as follows:

## SUMMARY OF OBJECTION

1. The Cash Collateral Motion and the Stipulated Order Authorizing Use of Cash Collateral (the "Proposed Final Order") seek to grant Powder River VPP, LLC (the "Lender") adequate protection in the form of a security interest in and replacement lien upon substantially all of the Debtor's assets, which includes the Utility Deposit (defined below).  However, Wysoc disputes that the Utility Deposit is property of the Debtor's estate because those funds are Wysoc's property.  Accordingly, a lien on the Utility Deposit cannot be used to provide adequate protection to the Lender.  Any order granting final approval of the use of cash collateral should be limited to granting liens on property of the Debtor's estate.

## RELEVANT FACTS

*A. Procedural Background*

2. On October 31, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the United States Bankruptcy Code in this Court.

3. On November 26, 2019, the Debtor filed the Cash Collateral Motion [Docket No. 34] with the Proposed Final Order attached as Exhibit 2.

4. On December 2, 2019, the Debtor filed its schedules of assets and liabilities.  On the Debtor's Schedule A/B: Assets – Real and Personal Property, the Debtor scheduled "Pre Corp – Utility Deposit" in the amount of $3,140,102.79 (the

"Utility Deposit") as an asset of the bankruptcy estate [Docket No. 57].

5.  On December 11, 2019, the Court entered its *Interim Order Authorizing Use of Cash Collateral* [Docket No. 65].

### B. Factual Background

6.  On June 3, 2019, Wysoc, as seller, and US Realm Ventures, LLC ("US Realm"), as buyer, executed a Membership Interest Purchase Agreement (the "MIPA"). Pursuant to the terms of the MIPA, Wysoc sold its equity interests in the entity that owns the Debtor. The transaction contemplated by the MIPA closed on July 10, 2019. In addition to the sale of Wysoc's ownership interests, the MIPA made clear that certain assets were not transferred (the "Excluded Assets"). MIPA § 2.3. The Excluded Assets were "excepted, reserved, and excluded from the Contemplated Transactions," and reserved and assigned to Wysoc. *Id.* The Excluded Assets listed, among other things, the Utility Deposit paid to Powder River Energy Corporation.[1] MIPA § 2.3(j). As a result, title to the Utility Deposit has been assigned to Wysoc. MIPA § 2.3.

## OBJECTION

### A. The Utility Deposit Is Wysoc's Property and Is Not Property of the Estate.

7.  Wysoc objects to the Debtor's Cash Collateral Motion to the extent it requests that the Court enter an order granting the Lender a security interest in and replacement lien upon the Utility Deposit. Any replacement lien can only be granted

---

[1] The MIPA designates two deposits in that amounts of $3,116,102.00 and $41,208.00 as, collectively, the "Electric Company Deposits." The amount listed for the Utility Deposit on the Debtor's schedules is less than the total amount of the Electric Company Deposits, so the Utility Deposit appears to constitute a portion of the Electric Company Deposits excluded, reserved, and assigned to Wysoc. Wysoc reserves all rights to the entire Electric Company Deposits.

upon the Debtor's assets, and Wysoc contests that the Debtor owns the Utility Deposit.

8.  The Debtor erroneously asserts in its schedules that the Utility Deposit is an asset of the bankruptcy estate [Docket No. 57].  The MIPA establishes that the Utility Deposit was excepted, reserved, and excluded from the transaction and assigned to Wysoc at closing.  MIPA §2.3.  Accordingly, the Utility Deposit never became property of the Debtor's bankruptcy estate.

### B. The Debtor Cannot Request the Court to Grant a Security Interest in and Replacement Lien on Property That Is Not Property of the Estate.

9.  The Cash Collateral Motion requests that the Court grant "adequate protection to the Lender pursuant to Sections 361 and 363(e) of the Bankruptcy Code on account of the Lender's interests in the Prepetition Collateral and on account of the Debtor's use of Cash Collateral, and any diminution in value of the Prepetition Collateral resulting therefrom."  Cash Collateral Motion at ¶ 25(d).  The Debtor agreed to provide adequate protection to the Lender in the form of, among other things, "Adequate Protection Liens on all property and assets of the Debtor."  Cash Collateral Motion at ¶ 28.  The Proposed Final Order provides that, "[t]o the extent of any diminution in value resulting from the Cash Collateral Use Amount, Lender is hereby granted and provided with a **security interest in and lien upon all assets** and all proceeds thereof and all proceeds of the Pre-Petition Collateral (the "Adequate Protection Collateral")."  Proposed Final Order at ¶ 3(a) (emphasis added).

10.  "All assets" presumably includes the Utility Deposit, which the Debtor listed as an asset of the estate [Docket No. 57].  The Debtor should not be permitted to

provide a replacement lien on an asset that is not property of the estate. At the very least, because ownership of the Utility Deposit is contested, the Utility Deposit should be excluded from the assets the Debtor proposes to use as collateral to provide adequate protection pursuant to Sections 361 and 363(e) of the Bankruptcy Code and the Debtor should be prohibited from selling or releasing the Utility Deposit pending a final determination of ownership. Language should be included in any final order to the effect that the Lender is only granted a security interest in and replacement lien on the Utility Deposit to the extent that the Utility Deposit is ultimately determined to be property of the Debtor.

## **RESERVATION OF RIGHTS**

11. Wysoc expressly reserves the right to supplement and amend this Objection and to introduce evidence at any hearing with respect thereto. Wysoc reserves the right to respond, further object, join in, or amend any response with respect to any argument or objection made by any person relating to the Cash Collateral Motion.

## **CONCLUSION**

Wysoc requests that the Court deny the Debtor's Cash Collateral Motion to the extent set forth herein and grant such other relief as the Court deems just and proper.

Dated: January 7, 2020

By:   */s/ Gregory C. Dyekman*
Gregory C. Dyekman–Wyo. Bar No. 5-1858
Randall B. Reed–Wyo. Bar No. 5-2863
LONG REIMER WINEGAR LLP
2120 Carey Avenue, Suite 300 (82001)
P.O. Box 87
Cheyenne WY  82003-0087
(307) 635-0710 – Telephone
(307) 635-0413 – Facsimile
gdyekman@lrw-law.com
rreed@lrw-law.com

Eric M. English (*pro hac vice* pending)
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston TX 77002
(713) 226-6000 – Telephone
(713) 228-1331 – Facsimile
eenglish@porterhedges.com

ATTORNEYS FOR WYSOC
INVESTMENTS, LLC

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served by electronic mail through the Court's ECF system, this 7th day of January, 2020, this document having been filed electronically.

  */s/ Gregory C. Dyekman*
for Long Reimer Winegar LLP