FILED
3:45 pm, 1/15/20
Tim J. Ellis
Clerk of Court

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | Case No. 19-20699 |
| US REALM POWDER RIVER, LLC ) | |
| f/k/a MORIAH POWDER RIVER, LLC ) | |
| EIN 47-4520716 ) | Chapter 11 |
| ) | |
| Debtor-in-Possession. ) | |

## (AMENDED) STIPULATED ORDER AUTHORIZING USE OF CASH COLLATERAL

THIS MATTER came before the Court on January 14, 2020, upon the *Motion for Interim and Final Orders Authorizing Use of Cash Collateral* (the "Motion") filed by the Debtor, US Realm Powder River, LLC, f/k/a Moriah Powder River, LLC (the "Debtor") and the *Objection of Wysoc Investments, LLC to the Debtor's Motion for Interim and Final Order Authorizing Use of Cash Collateral* (the "Objection") filed by Wysoc Investments, LLC ("Wysoc"). In the Motion, the Debtor sought final approval for:

I.  The Debtor to use cash collateral (as such term is defined in the Bankruptcy Code) in which Powder River VPP, LLC ("Lender") has an interest and the granting of adequate protection to Lender with respect to such use of its cash collateral and all use and diminution in value of the Pre-Petition Collateral (as defined below); and,

II.  The granting of certain super-priority claims to Lender payable from proceeds of pre-petition and post-petition property of the Debtor's estate.

NOW THEREFORE, based upon the Motion, offers of proof and the pleadings and other submissions in this case, and the Court having held a final hearing with respect to the Motion and the Objection on January 14, 2020, and having been informed that the Objection of Wysoc is resolved by the inclusion of paragraph 19 below, and after due deliberation and sufficient cause appearing therefor, makes the following findings:

A.  On October 31, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in this Court.

B.  The Debtor has continued in the management of its business and possession of its property as Debtor-in-Possession pursuant to Sections 1107 and 1108

of the Bankruptcy Code. An official committee of unsecured creditors ("Committee") has not been appointed in this case.

C. As of the Petition Date, the Debtor admits that it was indebted to Lender in an amount of no less than $80,205,994.25, exclusive of certain pre-petition interest, attorneys' fees, and other costs, expenses and obligations incurred in connection therewith (the "Pre-Petition Secured Debt"). The Pre-Petition Secured Debt was incurred pursuant to, and is evidenced by, various documents, agreements, amendments, modifications, supplements and instruments as described in the Motion and incorporated herein by reference (together, the "Loan Documents").

D. The Debtor acknowledges that, pursuant to the Loan Documents, the Pre-Petition Secured Debt is secured by valid and perfected first priority mortgages, liens and security interests (the "Pre-Petition Liens") in and on substantially all of the Debtor's assets, including, without limitation, all of the Debtor's oil and gas properties described in the Loan Documents, including, without limitation, the as-extracted collateral therefrom, the cash and non-cash proceeds, receivables, and rights in and to all imbalances, joint interest billings, and payments from first party purchasers, and other rights arising from all prepetition collateral, including any cash held by the Debtor (collectively the "Pre-Petition Collateral").

E. Subject only to the rights of third parties as provided in paragraph 14 below, the Debtor acknowledges and agrees that: (a) the Loan Documents are valid and binding upon the Debtor in all respects and continue in full force and effect with respect to the Pre-Petition Secured Debt and the Pre-Petition Collateral; (b) Lender's Pre-Petition Liens upon the Pre-Petition Collateral are valid, perfected and enforceable in all respects; (c) the Pre-Petition Secured Debt against the Debtor and its estate is hereby allowed and is valid and enforceable in the amount set forth above, together with all pre-petition interest, fees and expenses as provided for in the Loan Documents, and are not subject to avoidance or subordination under the Bankruptcy Code or otherwise; (d) there are no claims, defenses, setoffs, equitable claims, avoidance claims and counterclaims of any kind pursuant to the Bankruptcy Code or other applicable law, including, without limitation, those which would affect the amount, validity and enforceability of the Pre-Petition Secured Debt and the Pre-Petition Liens in the Pre-Petition Collateral in any way; and, (e) as a result of the foregoing, on the Petition Date, Lender held, and continues to hold, first-priority perfected mortgages and security interests in the Pre-Petition Collateral.

F. The Debtor believes that it lacks any right to challenge or contest in any way the scope, extent, perfection, priority, validity, non-avoidability, or

  enforceability of the Pre-Petition Liens, the Loan Documents, or the Pre-Petition Secured Debt. The Pre-Petition Liens were granted to the Lender for fair consideration and reasonably equivalent value, and were granted contemporaneously with the making of loans, commitments, and/or other financial accommodations under the Loan Documents. The Debtor believes that no portion of the Pre-Petition Secured Debt or any payments made to the Lender or applied to or paid on account of the obligations owing under the Loan Documents prior to the Petition Date is subject to, pursuant to the Bankruptcy Code or other applicable law, any contest, attachment, attack, avoidance, claim, cause of action, counterclaim, defense, disallowance, impairment, offset, recharacterization, recoupment, recovery, reduction, refund, rejection, subordination (whether equitable, contractual, or otherwise), or any other challenge of any kind by any person or entity.

G. The Debtor believes that it is appropriate on its own behalf and on behalf of its past, present, and future predecessors, successors, heirs, and assigns, to forever, fully, and finally, waive and release any and all claims, objections, challenges, counterclaims, causes of action, defenses, or setoff rights against the Lender and each of its respective predecessors, successors, assigns, agents, affiliates, representatives, attorneys, advisors, professionals, officers, directors, and employees, whether arising at law or in equity, including any recharacterization, subordination, avoidance, or other claim arising under or pursuant to section 105 or chapter 5 of the Bankruptcy Code or under any other similar provisions of applicable state or federal law. The admissions, stipulations, agreements, and releases set forth in this Order are based upon and consistent with the Debtor's investigation of the Lender's liens and claims and determination that the Debtor has no claims, defenses, or counterclaims with respect thereto.

H. The Pre-Petition Collateral constitutes "cash collateral", as defined in Section 363(a) of the Bankruptcy Code (the "Cash Collateral"). The Debtor needs to use Lender's Cash Collateral in accordance with the budget ("Budget") attached hereto and incorporated herein as Exhibit A, in order to permit, among other things, the orderly continuation of the operation of its business. The ability of the Debtor to obtain sufficient working capital and liquidity through the use of Cash Collateral is necessary to the preservation and maintenance of the value of the Debtor's estate.

I. The use of Cash Collateral has been negotiated in good faith (as that term is used in Sections 363(m) and 364(e) of the Bankruptcy Code) and at arm's length between the Debtor and Lender and Lender shall be entitled to the full protection of Sections 363(m) and 364(e) of the Bankruptcy Code in the

    event that this Order or any provision hereof is vacated, reversed or modified, on appeal or otherwise.

J.      Without the use of Cash Collateral, the Debtor will not have the funds necessary to pay post-petition expenses, suppliers, overhead and other expenses.

K.      The proposed use of Cash Collateral is necessary and appropriate for the continued operation of the Debtor's business and management and preservation of its assets.

L.      Lender is willing to consent to the use of Cash Collateral described in the Motion and the Budget subject to the terms and conditions set forth herein.

M.      The terms regarding the Debtor's use of Cash Collateral are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties and are supported by reasonably equivalent value and fair consideration.

N.      The Debtor has requested entry of this Order pursuant to Bankruptcy Rules 4001(b) and 4001(d). Absent entry of this Order, the Debtor's estate will suffer immediate and irreparable harm. The use of Cash Collateral in accordance with this Order and the Loan Documents is therefore in the best interest of the Debtor's estate.

O.      This matter constitutes a "core proceeding" as defined in 28 U.S.C. §§ 157(b)(2)(A), (D), (G), (K), (M) and (O). The Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334.

P.      Sufficient and adequate notice of the Motion and the hearing with respect thereto appears to have been given pursuant to Bankruptcy Rules 2002, 4001 (b), (c) and (d) and 9014, and no timely objections were filed.

Q.      Good, adequate and sufficient cause has been shown to justify the granting of the relief requested in the Motion.

## ORDER

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, effective as of the date set forth below, that:

1.      <u>Approval</u>. The Motion is hereby granted and approved as to the Debtor's use of Cash Collateral on the terms and conditions set forth herein.

2. <u>Authorization to Use Cash Collateral.</u>

   a. Subject to the additional limitations set forth in this Order, the Debtor is hereby authorized to use Cash Collateral for the purpose of preserving and maximizing the value of the Debtor's estate, up to the amounts set forth in the Budget, for the period from October 31, 2019 until February 29, 2020; provided, however, the Debtor shall not exceed the monthly disbursement amounts specified in the Budget by more than 5% in the aggregate on a monthly basis. Unless Lender consents in writing, the Debtor shall not pay any items for any purposes other than those terms described in the Budget or that fall outside the categories described in the Budget.

   b. As a condition to the use of Cash Collateral and as part of the adequate protection provided to the Lender for such use, the Debtor shall timely pay the VPP Payment payable to the Lender, as the holder of an ORRI, as described more fully set forth in the Motion and the Budget, on a monthly basis without defense or offset.

3. <u>Additional Adequate Protection</u>. As used herein the term "Cash Collateral Use Amount" includes all Cash Collateral used by the Debtor after the Petition Date. To provide Lender with the adequate protection required by Sections 361(1) and (2), 362, 363(c)(2), and 363(e) of the Bankruptcy Code:

   a. <u>Replacement Lien</u>. To the extent of any diminution in value resulting from the Cash Collateral Use Amount, Lender is hereby granted and provided with a security interest in and lien upon all assets and all proceeds thereof and all proceeds of the Pre-Petition Collateral (the "Adequate Protection Collateral"). Notwithstanding anything to the contrary herein, Adequate Protection Collateral shall not include any of the Debtor's avoidance actions arising under Sections 544, 545, 546, 547, 548, 549, 550 and 551 of the Bankruptcy Code (the "Avoidance Actions") or the proceeds therefrom. The replacement liens granted hereunder shall not be subject to any lien or security interest that is avoided or preserved for the benefit of the Debtor's estate under Section 551 of the Bankruptcy Code.

   b. <u>Further Adequate Protection</u>. To the extent that there is a diminution in the value of Lender's Pre-Petition Collateral after the Petition Date that is not offset by the value of the Adequate Protection Collateral:

      i. <u>Super-Priority Expense Claim</u>. Lender is hereby granted an allowed super-priority administrative claim pursuant to Section 507(b) of the Bankruptcy Code in the Chapter 11 Case,

    for the diminution in the value, if any, of the Pre-Petition Collateral, which allowed claim shall be senior to and have priority over any other administrative expense claims, unsecured claims, and all other claims against the Debtor or its estate in the Chapter 11 Case or any successor case, at any time existing or arising, of any kind or nature whatsoever; provided, however, Lender's super-priority administrative claim shall be subordinate to all statutory fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6); provided, further, however, that the super-priority administrative claim shall not be payable from Avoidance Actions or the proceeds therefrom.

    c.    <u>Section 552</u>. Lender's liens upon and security interests in the Pre-Petition Collateral shall continue in the proceeds of the Pre-Petition Collateral as provided in Section 552(b) of the Bankruptcy Code, without exception as further described in the Loan Documents, including, without limitation, all post-petition accounts receivable and cash in deposit accounts.

    d.    <u>Payment of Lender's Reasonable Legal Fees</u>. Subject to the limitations contained in the Budget, the Debtor shall pay the reasonable and documented prepetition and postpetition fees and expenses of the Lender. The payment of the fees, expenses, and disbursements set forth in this paragraph (the "Invoiced Fees") shall be made within ten (10) days after the receipt (the "Review Period") by the Debtor, counsel for any Creditors' Committee, and counsel for the U.S. Trustee (which invoices may be redacted or modified to the extent necessary to delete any information subject to the attorney-client privilege, any information constituting attorney work product, or any other confidential information, and the provision of such invoices shall not constitute any waiver of the attorney-client privilege or of any benefits of the attorney work product doctrine) and without the necessity of filing formal fee applications, including such amounts arising before and after the Petition Date; provided that the Debtor, any Creditors' Committee, and the U.S. Trustee (each, an "Objecting Party") may preserve their right to dispute the payment of any portion of the Invoiced Fees if, within the Review Period, (i) the Debtor pays in full the Invoiced Fees and (ii) the Objecting Party files with the Court a motion or other pleading, on at least ten (10) business days' prior written notice to such professional, the Lender, and counsel for the Lender of any hearing on such motion or other pleading, setting forth the specific objections to the Disputed Invoiced Fees. To the extent that the Court, after notice and a hearing, enters an order

sustaining any such specific objections to the disputed Invoiced Fees, other than with respect to a final invoice, any prior payment of such Invoiced Fees in the amount disallowed shall be recharacterized as payment on account of additional incurred professional fees, thereby reducing any claims on account of future payment of fees. If the Lender's legal fees pursuant to this paragraph exceed the Budget on a rolling 4-month basis, the Lender shall be entitled to seek payment of such fees that exceed the Budget by application or under the terms of a plan of reorganization.

  e. <u>Adequate Protection Reservation</u>. The receipt by the Lender of the adequate protection provided herein shall not be deemed an admission that the interests of the Lender are adequately protected. Further, this Order shall not prejudice or limit the rights of the Lender to seek additional relief with respect to the use of Cash Collateral or for additional adequate protection, without prejudice to the right of the Debtor or any other party in interest to contest the seeking of such relief by the Lender. Nothing herein shall be deemed to waive, modify, or otherwise impair the rights of the Lender under the Loan Documents or under equity or law, and the Lender expressly reserves all of its rights and remedies whether now existing or hereafter arising under the Loan Documents and/or equity or law.

4. <u>Termination</u>. Lender's consent to Debtor's use of Cash Collateral and the Debtor's authority to use Cash Collateral under this Order shall terminate upon the earlier of (i) the occurrence of any Event of Default (as hereinafter defined) or (ii) February 29, 2020 (the earlier of which shall be the "Termination Date"), unless otherwise agreed upon by Lender in writing. In the event that the Lender agrees in writing to extend Debtor's use of Cash Collateral, Debtor shall send an updated 4-month budget to Lender, the United States Trustee and any Committee appointed in this case, and the provisions of Section 2 shall continue to apply to the updated budget. An agreed upon extension of use of Cash Collateral hereunder need not be approved by the Court.

5. <u>Events of Default</u>. The Debtor shall be deemed in default under this Order upon the occurrence of any of the following (each an "Event of Default"): (a) the Debtor's failure to perform any of its obligations pursuant to this Order; (b) the Debtor's failure to comply with the Budget, subject to the variance, as described and set forth in paragraph 2 hereof; (c) the appointment of a trustee pursuant to either Sections 1104(a)(l) or 1104(a)(2) of the Bankruptcy Code; (d) the appointment of an examiner with expanded powers; (e) the conversion or dismissal of this case; (f) the entry of any order

amending, modifying, violating, contradicting, reversing, revoking, staying, rescinding or vacating this Order without the express prior written consent of Lender (which may be withheld in Lender's sole discretion and shall not be implied from any other action, inaction or acquiescence by Lender);
(g) without the express prior written consent of Lender, the creation of a lien or security interest in favor of any person or entity other than Lender on the Pre-Petition Collateral, whether equal or greater in priority to the liens granted to Lender or (h) modifying or affecting any of the rights of the Lender under this Order by any plan of reorganization or liquidation proposed or confirmed in the Chapter 11 Case or subsequent order entered in the Chapter 11 Case.

6. <u>Default Remedies</u>. Upon the occurrence of any Event of Default (unless waived by Lender in writing in its sole discretion) and the giving of written notice thereof by overnight delivery service or email upon the Debtor, the Debtor's counsel, the United States Trustee and counsel of record for any Committee (but without further notice, hearing or approval of the Court): (a) the Debtor's right to continue using Cash Collateral shall immediately cease; and, (b) the Debtor shall segregate and account for any cash in the Debtor's possession, custody or control and hold such cash for the benefit of Lender, subject to further order of this Court. In such an event, the Debtor may seek an order of the Bankruptcy Court authorizing use of cash collateral on an expedited basis. In addition, Lender shall be entitled to request an expedited hearing regarding relief from the automatic stay and the Debtor hereby consents to such a hearing within five (5) calendar days or such next time that the Court is available, with respect to the vacatur of the automatic stay upon the giving of notice of an Event of Default or if Lender, reasonably and in good faith, believes that a material adverse change has occurred in business operations or collateral. The Debtor acknowledges and agrees that Lender would not have agreed to permit the Debtor to use and consume Cash Collateral as provided in this Order but for the terms and provisions or this paragraph of this Order. Nothing herein shall preclude the Debtor from contesting the existence of an Event of Default.

7. <u>Automatic Perfection</u>. This Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of Lender's liens and security interests by operation of law upon the Adequate Protection Collateral and Lender shall not be obligated to obtain the execution of, file or record any documents or take any other actions to evidence and effectuate the financing and other arrangements described in this Order. Furthermore, the Lender is not required to create, attach, perfect, or continue Lender's liens and security interests in the Pre-Petition Collateral or Adequate Protection Collateral and Lender is not required to obtain consents or provide any third parties with

notice thereof as otherwise would be required under applicable law. Lender, in its discretion, shall be entitled to file a certified copy of this Order in any filing or recording office in any jurisdiction in which the Debtor conducts its business or possesses any personal property.

8. <u>Accounting by the Debtor</u>. Within three (3) business days after the entry of this Order, the Debtor shall account to Lender for all cash, checks, notes, drafts, instruments, acceptances or other property representing cash or other proceeds of Pre-Petition Collateral in the Debtor's possession or control (collectively, "Cash Proceeds"). All Cash Proceeds in the possession of the Debtor or in any accounts of the Debtor in financial or other institutions as of the Petition Date shall be deemed proceeds of the Pre-Petition Collateral.

9. <u>Waiver of Right to Surcharge</u>. Each of (a) the provisions of section 506(c) of the Bankruptcy Code, and (b) any "equities of the case" claims or other claims under section 105(a) or 552(b) of the Bankruptcy Code are and shall be waived as to the Lender, the Pre-Petition Secured Debt, the Pre-Petition Collateral, the Adequate Protection Collateral and the liens and Super-Priority Expense Claims granted hereunder. Accordingly, no costs or expenses of administration or other charge, lien, assessment, or claim incurred at any time (including without limitation, any expenses set forth in the Budget) by any Debtor or any other person or entity shall be imposed or charged against any or all of the Pre-Petition Collateral, the Adequate Protection Collateral or the Lender or the Lender's claims or recoveries under the Bankruptcy Code, and the Debtor, on behalf of its estate, waives any such rights. It is expressly understood by all parties that, in agreeing to the use of Cash Collateral as provided herein, the Lender has relied upon the foregoing provisions of this paragraph.

10. <u>Taxes</u>. The Debtor is hereby authorized to pay all post-petition federal and state withholding, ad valorem, sales, use, personal property, real property, and other taxes and assessments of any kind when due and owing under applicable law in accordance with the Budget. Lender shall not be responsible for the payment of such taxes and assessments under any conditions.

11. <u>Financial Reporting</u>. Unless there is a written waiver by Lender in each instance, the Debtor is authorized and directed to provide to Lender the information, reports, schedules, insurance policies and endorsements, and other documents as well as the access, audit, inspection and other rights which the Debtor is required to provide to Lender under the Loan Documents. In addition, on a monthly basis, on or before the 5th day of each month, the Debtor shall provide Lender with: (a) a monthly Budget comparison showing each line item in the Budget, the amount budgeted, the

       actual amount and the variance, if any; and (b) a monthly accounts payable aging. The Debtor shall provide an updated, rolling 4-month budget to the Lender on a monthly basis beginning on January 1, 2020. The Debtor shall also provide Lender with reasonable access to its books, records and physical premises, and shall timely supply Lender with copies of its Schedules, Statements of Financial Affairs, and Monthly Operating Reports contemporaneously with the filing of same.

12.     Reliance Upon Order. Lender is consenting to the Debtor's use of Cash Collateral in reliance on this Order. The replacement liens and security interests and other protections granted to Lender pursuant to Paragraph 3 hereunder and the rights of Lender with respect to the Adequate Protection Collateral shall not in any way be altered, impaired, modified, or otherwise adversely affected.

13.     Survivability. The provisions of this Order shall inure to the benefit of the Debtor and Lender and shall be binding upon the Debtor and its estate. The provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be entered converting this case to a chapter 7 case or any order which may be entered confirming or consummating any plan of reorganization of the Debtor and shall be binding upon all parties in interest in the Chapter 11 Case, including any subsequently appointed trustee, responsible individual, examiner with expanded powers, or other estate representative, and in any successor case.

14.     Effect of Stipulations on Third Parties. Subject to modification in whole or in part by further order of the Court, the stipulations, admissions, agreements and assertions contained in this Order, including, without limitation, the assertions contained in paragraph D and E of this Order, shall be binding upon the Debtor and all other parties in interest, including, without limitation, any Committee which may be appointed in this case, unless (a) a party in interest, including, without limitation, a Committee, has timely filed an adversary proceeding or contested matter (subject to the limitations contained herein) by no later than February 1, 2020 (i) for claims challenging the extent, validity, enforceability, perfection or priority of the Pre-Petition Secured Debt or the Pre-Petition Liens or (ii) otherwise asserting or prosecuting any action for preferences, fraudulent conveyances, other avoidance power claims, subordination or any other claims, counterclaims or causes of action, objections, contests or defenses against Lender or any of Lender or its affiliates, representatives, attorneys or advisors in connection with matters related to the Loan Documents, the Pre-Petition Secured Debt, or the Pre-Petition Collateral, and (b) there is a final order in favor of the plaintiff sustaining any such challenge or claim in any such timely filed

adversary proceeding or contested matter. Nothing contained herein is intended to assign any claim of the Debtor to any third party or to bestow any standing with respect thereto. If no such adversary proceeding or contested matter is timely filed as required by this paragraph, then: (x) the Pre-Petition Secured Debt and all other pre-petition and post-petition obligations of the Debtor pursuant to the Loan Documents shall constitute allowed claims, not subject to counterclaim, setoff, subordination, recharacterization, defense or avoidance, pursuant to the Bankruptcy Code or otherwise for all purposes in this chapter 11 case and any subsequent chapter 7 case, (y) the Pre-Petition Liens shall be deemed to have been, as of the Petition Date, legal, valid, binding and perfected, not subject to subordination, recharacterization, setoff, defense or avoidance, pursuant to the Bankruptcy Code or otherwise for all purposes in this chapter 11 case and any subsequent chapter 7 case and (z) the Pre-Petition Secured Debt and all other pre- petition and post-petition obligations of the Debtor pursuant to the Loan Documents, and the Pre-Petition Liens, shall not be subject to any other or further challenge by any party in interest, including, without limitation, the Debtor, seeking to exercise the rights of the Debtor's estate and any successor thereto (including, without limitation, any chapter 7 or chapter 11 trustee appointed or elected for the Debtor). If any such adversary proceeding or contested matter is timely filed, the representations, acknowledgments and agreements contained in paragraph D and E of this Order shall nonetheless remain binding and preclusive (as provided in this paragraph) on any Committee and on any other person or entity, except to the extent that such representations, acknowledgments or agreements are expressly challenged and modified as a result of a final order not subject to further appeal in such adversary proceeding or contested matter.

15. <u>Loan Documents</u>. The Debtor will continue to be bound by the terms, obligations and conditions set forth in the Loan Documents except to the extent provided otherwise in this Order.

16. <u>Modification of Automatic Stay</u>. The automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby modified as necessary to permit: (a) the Debtor to grant the liens and the Super-Priority Expense Claim, in each case as set forth herein, and to perform any and all acts to ensure that the replacement liens are perfected and maintain the priority set forth herein; (b) the Debtor to pay any and all amounts as provided herein; (c) the Lender to retain and apply payments made in accordance with this Order; and (d) the implementation of any and all of the other terms, rights, benefits, privileges, remedies, and provisions of this Order.

17. <u>No Waiver</u>. This Order shall not be construed in any way as a waiver or relinquishment of any rights that the Lender may have to bring or be heard on any matter brought before the Court. All such rights, claims, and defenses, and the rights, objections, and defenses of all parties in connection therewith, are hereby reserved. Further, the failure, at any time or times hereafter, of the Lender to require strict performance by the Debtor of any provision of this Order shall not waive, affect, or diminish any right of such parties thereafter to demand strict compliance and performance therewith. No consents required hereunder by the Lender shall be implied by any inaction or acquiescence.

18. <u>Limits on Lender Liability</u>. Nothing in this Order, the Loan Documents, or any other documents related thereto shall in any way be construed or interpreted to impose or allow the imposition upon the Lender of any liability for any claims arising from any activities by the Debtor in the operation of its business or in connection with the administration of the Chapter 11 Case. The Lender shall not (i) be deemed in control of the operations of the Debtor or to be acting as a "controlling person," "responsible person," or "owner or operator" with respect to the operation or management of the Debtor (as such terms, or any similar terms, are used in the Internal Revenue Code, the United States Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601 *et seq.*, as amended, or any similar federal or state statute) or (ii) owe any fiduciary duty to the Debtor, its creditors, or its estates, or constitute or be deemed to constitute a joint venture or partnership with the Debtor. Nothing in this Order shall in any way be construed or interpreted to impose or allow the imposition upon the Lender of any liability for any claims arising from the prepetition or postpetition activities of the Debtor.

19. <u>Utility Deposit Exception</u>. Notwithstanding anything to the contrary in this Order or the Interim Order Authorizing Use of Cash Collateral [Doc. No. 65], including but not limited to paragraphs D, E, 3(a), 3(b), and 14 herein, no security interest or lien is acknowledged, stipulated, or granted to any party in and to the Pre Corp – Utility Deposit listed in section 7 of the Debtor's Schedule A/B: Assets – Real and Personal Property [Doc. No. 57] in the amount of at least $3,140,102.79 (the "Utility Deposit"), absent further order of the Court finding that the Utility Deposit is property of the Debtor's estate. Notwithstanding the foregoing, nothing in this paragraph shall otherwise alter the Lender's or any other parties' existing security interests and liens under state law. Furthermore, the Debtor shall not transfer, release, encumber or diminish the Utility Deposit in any way without further order of the Court.

20. <u>Order Controls</u>. To the extent the terms and conditions of the Loan Documents are in conflict with the terms and conditions of this Order, the terms and conditions of this Order shall control.

21. <u>Effect of This Final Order</u>. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, and 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

22. <u>Notice</u>. Any notices required or allowed under this Order shall be given by overnight delivery or email as follows:

If to the Debtor:

>Bradley T. Hunsicker
>Markus Williams Young & Hunsicker LLC
>106 East Lincolnway, Suite 300
>Cheyenne, WY 82001

If to Lender:

>Michelle V. Larson
>Carrington Coleman Sloman & Blumenthal, LLP
>901 Main St., Suite 5500
>Dallas, TX 75202
>mlarson@ccsb.com

BY THE COURT

*Cathleen D. Parker*   1/15/2020

Honorable Cathleen D. Parker
United States Bankruptcy Court
District of Wyoming

Approved as to form:

Counsel of the Debtor and
Debtor-in-Possession

\_\_/s/_____
By: Bradley T. Hunsicker


Counsel for Powder River VPP, LLC

\_\_/s/_____
By: Michelle V. Larson


Counsel for Wysoc Investments, LLC

\_\_/s/_____
By: Eric M. English