Case 19-20699    Doc 128    Filed 02/26/20    Entered 02/26/20 18:00:42    Desc Main
                        Document      Page 1 of 7

Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Markus Williams Young & Hunsicker LLC
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
bhunsicker@MarkusWilliams.com

ATTORNEYS FOR
DEBTOR-IN-POSSESSION

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | Case No. 19-20699 |
| US REALM POWDER RIVER, LLC ) | |
| f/k/a MORIAH POWDER RIVER, LLC ) | |
| EIN 47-4520716 ) | Chapter 11 |
| ) | |
| Debtor-in-Possession. ) | |

## MOTION TO EXTEND EXCLUSIVITY

US Realm Powder River, LLC f/k/a Moriah Powder River, LLC ("Debtor"), by its undersigned counsel, Markus Williams Young & Hunsicker LLC ("MWYH"), and pursuant to 11 U.S.C. § 1121(d)(1), hereby submits its *Motion to Extend Exclusivity* (the "Motion"), and states as follows:

### BACKGROUND

1.  On October 31, 2019, Debtor filed its voluntary Chapter 11 bankruptcy petition, starting this case. [Doc. 1.]

2.  Debtor is authorized to operate its business and manage its properties as debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. No creditors' committee has been appointed in this case, nor has any trustee or examiner been appointed.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

5. The exclusivity period for Debtor to file a plan will expire, unless extended, on February 28, 2020.

6. The exclusivity period for Debtor to obtain acceptances of a plan, unless extended, will expire on April 28, 2020.

## RELIEF REQUESTED

7. Debtor files this Motion and asks the Court to extend the exclusivity periods under 11 U.S.C. § 1121(d)(1). In particular, Debtor asks the Court to extend its exclusivity period to file a plan for 90 days, to and including May 28, 2020. Debtor also asks the Court to extend its exclusivity period to obtain acceptance of a plan for 90 days, through and including August 26, 2020.

8. Debtor seeks to formulate, confirm, and consummate a consensual chapter 11 plan. Exclusivity allows Debtor a full and fair opportunity to do so without interference from competing plans, which can significantly increase administrative costs and may disrupt Debtor's business. Debtor believes that cause exists to extend exclusivity in this case. In particular, natural gas prices have fallen since the petition date, necessitating that Debtor explore opportunities for future growth and attempt to renegotiate critical contracts (and negotiate new contracts). Extending the exclusivity

period will provide Debtor the time needed to make this assessment, formulate a plan, and successfully reorganize.

## AUTHORITY

9. The Bankruptcy Code provides: "Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter." 11 U.S.C. § 1121(b).

10. The Court may, however, extend this deadline for cause: "[O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period." *Id.* § 1121(b). But these deadlines may not be extended indefinitely. *See id.* at § 1121(d)(2).

11. "Cause" is not defined under 11 U.S.C. 1121(d). However, courts have adopted a non-exclusive list of factors that a court may consider in determining whether to extend an exclusivity period. *See In re Friedman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005) (citing *In re Service Merch. Co.*, 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000); *In re Express One Intern., Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); and *In re McLean Indus. Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987)).

12. The factors include:

    a. the size and complexity of the debtor's case;

    b. the necessity of sufficient time to negotiate and prepare adequate information;

    c. the existence of good faith progress toward reorganization;

   d. whether the debtor is paying its bills as they come due;

   e. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

   f. whether the debtor has made progress in negotiations with its creditors;

   g. the amount of time which has elapsed in the case;

   h. whether the debtor is seeking an extension to pressure creditors; and

   i. whether an unresolved contingency exists.

  13. Here, Debtor asks the Court to extend the exclusivity period for 90 days. There is cause for this extension because the price of natural gas has declined significantly since the petition date which has forced the Debtor to explore new opportunities and attempt to renegotiate existing contracts. In particular, at the petition date, natural gas was selling for $2.430 MMBtu, based on the Henry Hub standardized price. Now, in February 2020, natural gas is selling for $1.68 MMBtu.[1] In light of the decline in natural gas prices since the petition date, Debtor is exploring new opportunities and alternatives to increase revenue and decrease expenses as more particularly described in the Debtor's Motion to Extend Time to Assume or Reject Unexpired Leases of Nonresidential Real Property. This extension will allow the Debtor to explore these matters.

  14. Addressing the factors specifically:

---

[1] For comparison, natural gas was selling for $2.950 in February 2019.

{Z0306519/1 }            4

- <u>Factors a and b: The size and complexity of the debtor's case and the necessity of sufficient time to negotiate and prepare adequate information.</u>  This case presents unique complexities given its size.  Debtor is a party to thousands of leases with real estate owners covering more than 1,000,000 acres to exploit natural gas reserves and has roughly 1,000 creditors on its matrix.  Moreover, the natural gas price decline since the petition date increases this complexity.  Because Debtor is still responding to the decline in natural gas prices—assessing its options and the best way forward—Debtor does not currently have sufficient time to negotiate and prepare adequate information.  Debtor requires additional time to formulate its business response to this decline and prepare a plan.

- <u>Factors c, e, and f: the existence of good faith progress toward reorganization; whether the debtor has demonstrated reasonable prospects for filing a viable plan; and whether the debtor has made progress in negotiations with its creditors.</u>  Debtor has made good faith progress toward developing a plan of reorganization, however preliminary.  Debtor is currently in talks with potential customers regarding providing lower carbon footprint energy.  Currently, Debtor anticipates that customers will seek out its natural gas because of its environmental benefits in light of proposed legislation.  In addition, Debtor is in discussion with potential new equity.  Finally, Debtor has identified substantial cost savings measures which will begin to take effect.  In short, Debtor has made business progress since filing.  Nevertheless, this progress is nascent and not yet ready to be formulated into a plan.  Accordingly, Debtor files the present motion.

- <u>Factor d: whether Debtor is paying its bills as they come due.</u>  Debtor is paying its bills as they come due as shown by its most recently Monthly Operating Report.

- <u>Factor g: the amount of time that has elapsed in this case.</u>  This is Debtor's first motion to extend exclusivity.

- <u>Factors h and i: whether Debtor is seeking an extension to pressure creditors and whether an unresolved contingency exists.</u>  Debtor is not seeking to extend exclusivity to pressure creditors.

15.     Debtor has been diligent—and continues to work diligently—to address the issues in this case that must be dealt with before developing and confirming a plan. Debtor has demonstrated progress toward analyzing, developing, and resolving its business issues during the case.  Debtor anticipates that this business development will result in terms underlying a successful plan.  Finally, extending exclusivity will not materially prejudice the interests of creditors.

16.     This Motion is being made without prejudice to Debtor's right to request further extensions of the exclusivity periods described above.  That said, Debtor does not anticipate requiring further extensions at this time.

## CONCLUSION

WHEREFORE, Debtor asks the Court to enter an order substantially in the form attached hereto extending its exclusivity period to file a plan for 90 days, to and including May 28, 2020 and extending its exclusivity period to obtain acceptance of a plan for 90 days, through and including August 26, 2020.

Dated: Cheyenne, Wyoming
February 26, 2020

        MARKUS WILLIAMS YOUNG AND HUNSICKER LLC

        By: /s/ *Bradley T. Hunsicker*
        Bradley T. Hunsicker (WY Bar No 7-4579)
        106 East Lincolnway, Suite 300
        Cheyenne, WY 82001
        Telephone: 307-778-8178
        Facsimile: 307-638-1975
        Email: bhunsicker@markuswilliams.com

        *Counsel for the Debtor and Debtor-in-Possession*